UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

               Plaintiff,

v.

THOMAS P. DURKIN and DURKIN &
DEVRIES INSURANCE AGENCY, LLC,

               Defendants.

CIVIL ACTION
NO. 07-CV-10096-RWZ

## DEFENDANTS' MEMORANDUM OF REASONS IN SUPPORT OF THEIR MOTION TO AMEND ANSWER ADDING RATIFICATION AS AN AFFIRMATIVE DEFENSE

Pursuant to LR 7.1(B)(1), the defendants submit this memorandum of reasons in support of their motion to amend their Answer and to assert ratification as an affirmative defense.

BACKGROUND

In or around December, 2003, the defendants Thomas P. Durkin ("Durkin") and Durkin & DeVries Insurance Agency, LLC (collectively the "Defendants") issued a performance bond and a payment bond (collectively the "construction bonds") to Eastern Contractors ("Eastern") securing Eastern's work as general contractor for the construction of a new high school in Lawrence, Massachusetts.  The Defendants issued the construction bonds as an agent of the plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul").  After the construction bonds were issued, St. Paul claimed that the Defendants were without authority to issue the bonds because the Defendants had failed to obtain a signed personal indemnity agreement from Eastern's principals, Ramesh Motwane ("Motwane") and Joseph Licciardi ("Licciardi").  The Defendants responded that the personal indemnity requirement had been waived by Daniel Rapp ("Rapp"), the local St. Paul underwriter working in the Massachusetts field office.

In August, 2006, Eastern defaulted on the Lawrence High School project and the City of Lawrence and various subcontractors have made claims against the construction bonds.  St. Paul filed this action in January, 2007 seeking to recover from the Defendants what it has had to pay because of its obligations pursuant to the construction bonds.

<u>PROCEDURAL HISTORY AND DISCOVERY</u>

After St. Paul's Complaint was filed in January, 2007, the Court held a scheduling conference and accepted the parties' joint proposal to conduct discovery in two phases.  The first phase of discovery was to be focused on written discovery, document production and five (5) agreed upon depositions.  At the conclusion of the first phase of discovery, the parties would attempt to mediate the case.  If a settlement could not be reached then the parties would proceed to the second phase of discovery.  As amended, the schedule required the first phase of discovery to be completed by March 3, 2008, mediation to be scheduled from March – May, 2008, and if no settlement was reached, a second phase of discovery was to be completed by December 30, 2008.

During the first phase of discovery the Defendants discovered information which supports the defense of ratification.  The documents produced by St. Paul have revealed that upon learning that the Defendants issued the construction bonds to Eastern, St. Paul (1) made no effort to verify the Defendants' claim that Rapp waived the personal indemnity requirement, (2) never informed the Defendants that it intended to hold them responsible for losses realized on the construction bonds, and (3) made no effort to obtain the personal indemnity agreement after the construction bonds issued even though St. Paul had Motwane's and Licciardi's written assurance that it would sign the agreement.  Instead, St. Paul opened an internal file and made significant efforts to collect the $454,831.45 bond premium, which St. Paul did collect in September, 2004.  Only after Eastern defaulted on the Lawrence High School project in August, 2006 did St. Paul

inform the Defendants (by filing this lawsuit) that it intended to hold them responsible for payment obligations pursuant to the construction bonds.

Consistent with the Court's amended scheduling order, mediation was held on June 17, 2008. The Defendants pointed to their ratification defense both in their mediation brief and during the mediation as part of his effort to reach a resolution of the case. The case did not settle, however. Thus, the parties will finish discovery in this case on or before the phase two discovery deadline of December 30, 2008.

ARGUMENT

Leave should be freely granted for an amendment adding an affirmative defense which is necessitated by information obtained during discovery. Fed. R. Civ. P. 15(a) provides, in part, that "[t]he court should freely give leave when justice so requires." "[T]his mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). In this case, discovery has revealed previously unknown information not available to the Defendants at the time of his initial filing of his answer regarding St. Paul's conduct after the construction bonds were issued. As a result, the Defendants have realized through discovery that the proposed amendment is needed to present the ratification defense.

None of the reasons typically justifying denial of a motion to amend – *viz.*, undue delay, bad faith, futility, etc. – is applicable here. *See id.* The Defendants have acted promptly in moving to assert ratification as a defense; this motion is made immediately following the mediation and six (6) months before the current discovery deadline of December 31, 2008.[1] The Defendants have already made St. Paul aware of their intention to assert the defense in their mediation brief and have asserted the related doctrines of waiver, laches and estoppel as

---

[1] The joint submission pursuant to Local Rule 16.1 by St. Paul and the Defendants (Paper No. 11) did not include a deadline for filing Fed. R. Civ. P. 15 motions. Thus, when the Court accepted the parties proposed schedule no deadline was established for filing Fed. R. Civ. P. 15 motions.

affirmative defenses.  Thus, there is no unfair surprise to St. Paul by allowing the Defendants to amend to assert the defense of ratification.  *See Williams v. Ashland Engineering Co., Inc.*, 45 F.3d 588, 593 (1st Cir. 1995), *abrogated on other grounds by Carpenters Local Union No. 26 v. U.S. Fidelity & Guar. Co.*, 215 F.3d 136 (1st Cir. 2000).  Equally important, there is no prejudice to St. Paul.  Discovery remains open so that if St. Paul believes it needs to conduct discovery on the Defendants' ratification defense it is free to do so.

<u>CONCLUSION</u>

For the reasons set out above, and based on the rule that amendments are to be freely granted, the Defendants request leave to file an Amended Answer asserting a single additional affirmative defense – ratification.  Aside from the inclusion of a ratification defense, the Defendants' Answer is unchanged.

DEFENDANTS THOMAS P. DURKIN and
DURKIN & DEVRIES INSURANCE
AGENCY, LLC
By their attorneys,


/s/ John P. Connelly
George A. Berman, BBO #040200
John P. Connelly, BBO #546670
Christopher R. Conroy, BBO #661155
Peabody & Arnold LLP
600 Atlantic Avenue, 6th Floor
Boston, MA 02210
(617) 951-2100
gberman@peabodyarnold.com
jconnelly@peabodyarnold.com
cconroy@peabodyarnold.com

Dated:  July 17, 2008

## CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that the foregoing document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies by first-class mail will be sent to those indicated as non-registered participants on July 17, 2008.


/s/ John P. Connelly
John P. Connelly


PABOS2:CCONROY:685245_1
14809-92338