UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS P. DURKIN and DURKIN & DEVRIES INSURANCE AGENCY, LLC,<br><br>    Defendants. | CIVIL ACTION NO: 1:07-cv-10096-RWZ |

## LIMITED OPPOSITION TO THE DEFENDANTS' MOTION TO AMEND ANSWER

The plaintiff, St. Paul Fire and Marine Insurance Company ("St. Paul"), offers this limited opposition to the defendants, Thomas P. Durkin and Durkin & DeVries Insurance Agency, LLC's (collectively "the Defendants"), Motion to Amend Answer Adding Ratification As Affirmative Defense. St. Paul opposes the Defendants' motion to amend to the extent it mischaracterizes certain facts purportedly learned in discovery.

## BACKGROUND

On or about December, 2003, the Defendants as agents for St. Paul, issued performance and payment bonds ("the Bonds") to Eastern Contractors, Inc. ("Eastern") securing Eastern's performance of a construction contract for the Lawrence High School ("the Project"). The Defendants issued the Bonds pursuant to a power of attorney. The issuance of the Bonds was subject to Eastern satisfying certain conditions that St. Paul made known to Eastern and the Defendants. St. Paul established three essential underwriting conditions that Eastern needed to meet before the bonds were authorized:

(1) Eastern's owners would provide $6,000,000 of personal indemnity to St. Paul; (2) Eastern would establish and maintain a balance of 5% working capital; and (3) Eastern would establish and maintain a 5% net worth, to be reflected in Eastern's December 31, 2003 year-end fiscal statement.

The Defendants, as St. Paul's agent and who were granted a power-of-attorney, were responsible for ensuring that Eastern met St. Paul's underwriting conditions prior to issuing the final Bonds. The Defendants issued the Bonds without first confirming that Eastern's principals had satisfied the most important condition of providing $6,000,000 personal indemnity.

St. Paul did not learn that the Bonds had been issued until late April, 2004, roughly five months after they had been issued. After learning of the Bonds issuance, St. Paul contacted the Defendants and informed them that the Bonds had not been authorized because, in part, the Defendants had failed to obtain the signed personal indemnity agreement from Eastern's principals, Ramesh Motwane ("Motwane") and Joseph Licciardi ("Licciardi"). The Defendants responded that the personal indemnity condition had been waived by Daniel Rapp ("Rapp"), the local St. Paul underwriter working in the Massachusetts field office.

In August 2006, Eastern defaulted on the Lawrence Project and the City of Lawrence and various subcontractors made claims against the Bonds. St. Paul has paid out more than $16,000,000 under the Bonds. St. Paul filed the instant suit in January,

34041967v1 868096

2007, seeking to recover from the Defendants what it has paid out because of its obligations under the Bonds.

## ARGUMENT

Durkin has moved to amend its answer adding the affirmative defense of ratification. Durkin claims that St. Paul impliedly confirmed and authorized the issuance of the bonds by virtue of certain acts and omissions upon learning that the Defendants had issued the Bonds. Durkin argues that discovery has revealed three facts which support the ratification defense: (1) St. Paul made no effort to verify the Defendants' claim that Rapp waived the personal indemnity requirement; (2) St. Paul never informed the Defendants that it intended to hold them responsible for losses realized on the Bonds; and (3) St. Paul made no effort to obtain the personal indemnity agreement from Eastern's principals after the Bonds had been issued.

St. Paul does not to concede that it never attempted to inform the Defendants of its intention to hold them responsible for losses under the Bonds prior to the filing of this lawsuit. St. Paul has produced to Defendants a letter dated June 21, 2004 and addressed to the Defendants in which St. Paul stated that it intended to hold the Defendants responsible for losses incurred under the Bonds. See Exhibit A. The letter is not signed and St. Paul does not, at this time, have sufficient information or knowledge to determine whether the letter was ever sent to the Defendants. See Exhibit B. Whether the letter was ever sent, or whether St. Paul communicated its intention to

3

hold the Defendants responsible for losses under the Bonds through some other means, is a disputed issue.

Second, St. Paul refuses to concede that it never made an effort to verify the Defendants' claim that Rapp waived the personal indemnity requirement. It is clear from the draft letter discussed above, and documents produced during discovery, that St. Paul did undertake an internal investigation into the issuance of the Bonds and the Defendants' practices as it related to reporting bonds and making bond premium payments. The Defendants' statement that St. Paul made "no effort to verify whether Rapp waived the personal indemnity requirement" is not accurate.

WHEREFORE, St. Paul objects to the Defendants' motion to amend its answer to the extent it asserts that St. Paul: (1) did not undertake an internal investigation into whether the Bonds were authorized; and (2) did not inform the Defendants of its intention to hold them liable for losses under the Bonds.

34041967v1 868096

Respectfully submitted,

ST. PAUL FIRE & MARINE INSURANCE COMPANY

By its Attorneys,

/s/ Ranen S. Schechner
Bradford R. Carver, BBO # 565396
David A. Grossbaum, BBO # 546020
Ranen S. Schechner, BBO # 655641
HINSHAW & CULBERTSON LLP
One International Place, 3rd Floor
Boston, MA 02110
617-213-7000
617-213-7001 (facsimile)

Dated: July 31, 2008

## CERTIFICATE OF SERVICE

I, Ranen S. Schechner, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NED) and paper copies will be sent to those indicated as non registered participants on July 31, 2008.

/s/ Ranen S. Schechner

34041967v1 868096

# EXHIBIT A

EXHIBIT A


**ST PAUL TRAVELERS**

300 Crown Colony Drive
Quincy MA 02169

June 21, 2004

Stephen W. Parnas
Resident Vice President

Phone: 617 984-1212
Fax: 617 479-9137
E-mail:
sparnas@stpaultravelers.com
Certified Mail: 7000 1670 0004 8187 2485

Mr. Thomas P. Durkin
Durkin & Devries Insurance Agency, LLC
675 Main Street
Waltham, MA 02451

Re: <u>St. Paul Travelers Powers of Attorney and Seals; Underwriting Authority</u>

Dear Mr. Durkin:

This letter serves to follow up previous correspondence and discussions with St. Paul Travelers Bond concerning your issuance of unauthorized bonds and the failure to report such bonds and premium. The issuance of an unauthorized bond is a violation of your authority as stated in your agency agreement with us. Further, your agency agreement clearly addresses your obligations to report all written bonds and remit premium within the prescribed time periods. We consider your breach of these obligations to be a serious matter. The agency is required to indemnify and hold us harmless from any and all losses, costs and expenses that we may incur as a result of your improper issuance of any bond in excess of your authority, any other misuse of your Powers of Attorney, or your failure to report and remit any premium for any bond written. Please be advised that should St. Paul Travelers Bond incur any loss, cost, or expense as a result of any unauthorized bond issued by you or your agency, we will pursue all avenues of recovery and you should advise your E&O insurer accordingly.

In light of the above, any and all binding authority you or your agency may have for any Bond account or program of St. Paul Travelers Bond is terminated immediately. In addition, your powers of attorney for all of the St. Paul Travelers companies are hereby terminated effective immediately. A representative of St. Paul Travelers Bond will arrange to pick up any powers of attorney, seals, and other supplies. Please contact our Franklin office for any Bond services needed by your St. Paul Travelers customers.

Sincerely,


Stephen W. Parnas
St. Paul Travelers Bond

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS P. DURKIN and DURKIN & DEVRIES INSURANCE AGENCY, LLC,<br><br>Defendants. | CIVIL ACTION NO: 07-CV-10096 |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. Rule 36, the Plaintiff, St. Paul Fire and Marine Insurance Company ("St. Paul"), responds to the Defendants' Thomas P. Durkin and Durkin & Devries Insurance Company, LLC (collectively "Durkin") requests for admissions as follows:

### REQUEST NO. 1.

Admit that Stephen W. Parnas' unsigned June 21, 2004 letter to Durkin, a copy of which is attached hereto as Exhibit A, was never mailed to Durkin.

### RESPONSE:

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 1.

**REQUEST NO. 2.**

Admit that St. Paul has no evidence that Stephen W. Parnas' unsigned June 21, 2004 letter to Durkin, a copy of which is attached hereto as Exhibit A, was mailed to Durkin.

**RESPONSE:**

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 2.

**REQUEST NO. 3.**

Admit that Stephen W. Parnas' unsigned June 21, 2004 letter to Durkin, a copy of which is attached hereto as Exhibit A, was never personally delivered to Durkin.

**RESPONSE:**

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 3.

**REQUEST NO. 4.**

Admit that St. Paul has no evidence that Stephen W. Parnas' unsigned June 21, 2004 letter to Durkin, a copy of which is attached hereto as Exhibit A, was personally delivered to Durkin.

**RESPONSE:**

2

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 4.

**REQUEST NO. 5.**

Admit that Stephen W. Parnas' unsigned June 21, 2004 letter to Durkin, a copy of which is attached hereto as Exhibit A, was never received by Durkin.

**RESPONSE:**

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 5.

**REQUEST NO. 6.**

Admit that St. Paul has no evidence that Stephen W. Parnas' unsigned June 21, 2004 letter to Durkin, a copy of which is attached hereto as Exhibit A, was ever received by Durkin.

**RESPONSE:**

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 6.

**REQUEST NO. 7.**

Admit that St. Paul does not have a signed copy of Stephen W. Parnas' June 21, 2004 letter to Durkin, a copy of which is attached hereto as Exhibit A.

**RESPONSE:**

34036838v1 868096

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 7.

**REQUEST NO. 8.**

Admit that St. Paul did not provide written notification to Durkin prior to filing this lawsuit that it intended to hold Durkin responsible for any loss, cost or expense incurred because of the issuance of Performance and Payment Bond # TB9854.

**RESPONSE:**

St. Paul has made reasonable inquiry into the Admission and the information known or readily obtainable by St. Paul is insufficient to enable it to either admit or deny Request No. 8.

Signed under the pains and penalties of perjury on behalf of St. Paul Fire and Marine Insurance Company on this 20th day of January, 2008.

ST PAUL FIRE AND MARINE INSURANCE COMPANY

By: _____
Thomas J. McAuley

4

34036838v1 868096

## CERTIFICATE OF SERVICE

I, Bradford R. Carver, hereby certify that on this 31st day of January, 2008, I served a true and accurate copy of the foregoing document to counsel of record by first class mail as follows:

John P. Connelly, Esq.
Peabody & Arnold LLP
600 Atlantic Avenue
Boston, MA 02210

_____
Ranen S. Schechner

5

34036838v1 868096


**ST PAUL TRAVELERS**

*300 Crown Colony Drive*
*Quincy MA 02169*

Stephen W. Parnas
Resident Vice President

Phone: 617 984-1212
Fax: 617 479-9137
E-mail:
sparnas@stpaultravelers.com

June 21, 2004

Certified Mail: 7000 1670 0004 8187 2485

Mr. Thomas P. Durkin
Durkin & Devries Insurance Agency, LLC
675 Main Street
Waltham, MA 02451

Re: **St. Paul Travelers Powers of Attorney and Seals; Underwriting Authority**

Dear Mr. Durkin:

This letter serves to follow up previous correspondence and discussions with St. Paul Travelers Bond concerning your issuance of unauthorized bonds and the failure to report such bonds and premium. The issuance of an unauthorized bond is a violation of your authority as stated in your agency agreement with us. Further, your agency agreement clearly addresses your obligations to report all written bonds and remit premium within the prescribed time periods. We consider your breach of these obligations to be a serious matter. The agency is required to indemnify and hold us harmless from any and all losses, costs and expenses that we may incur as a result of your improper issuance of any bond in excess of your authority, any other misuse of your Powers of Attorney, or your failure to report and remit any premium for any bond written. Please be advised that should St. Paul Travelers Bond incur any loss, cost, or expense as a result of any unauthorized bond issued by you or your agency, we will pursue all avenues of recovery and you should advise your E&O insurer accordingly.

In light of the above, any and all binding authority you or your agency may have for any Bond account or program of St. Paul Travelers Bond is terminated immediately. In addition, your powers of attorney for all of the St. Paul Travelers companies are hereby terminated effective immediately. A representative of St. Paul Travelers Bond will arrange to pick up any powers of attorney, seals, and other supplies. Please contact our Franklin office for any Bond services needed by your St. Paul Travelers customers.

Sincerely,

Stephen W. Parnas
St. Paul Travelers Bond