UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Plaintiff,

v.

THOMAS P. DURKIN and DURKIN & DEVRIES INSURANCE AGENCY, LLC,

Defendants.

CIVIL ACTION
NO. 07-CV-10096-RWZ

**DEFENDANTS' AMENDED ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

The defendants Thomas P. Durkin and Durkin & DeVries Insurance Agency, LLC (collectively the "Defendants"), for their amended answer to the plaintiff's First Amended Complaint, say:

FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), the Defendants respond to the numbered paragraphs of the plaintiff's First Amended Complaint as follows:

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's First Amended Complaint and therefore deny same.

2. Admitted.

3. Admitted.

4. The allegations set forth in paragraph 4 of the plaintiff's First Amended Complaint set forth a legal conclusion which the Defendants are not required to either admit or deny; however, to the extent that a response is required, such allegations are denied.

5. Upon information and belief, admitted.

6. Admitted. And further answering, the Defendants state that the Agreements are written documents which speak for themselves, and, therefore, they deny any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves.

7. The Defendants state that the Agreements are written documents which speak for themselves, and, therefore, they deny any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves.

8. The Defendants state that the Agreements are written documents which speak for themselves, and, therefore, they deny any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves.

9. The Defendants state that the Agreements are written documents which speak for themselves, and, therefore, they deny any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves.

10. The Defendants state that the Agreements are written documents which speak for themselves, and, therefore, they deny any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves.

11. The Defendants state that the Power-of-Attorney is a written document which speaks for itself, and, therefore, they deny any characterization of that document inconsistent with, or varying from, the terms of the document itself.

12. The Defendants admit the allegations contained in the first sentence in paragraph 12 of the plaintiff's First Amended Complaint. The Defendants deny the allegations contained in the second sentence in paragraph 12 of the plaintiff's First Amended Complaint.

13. Upon information and belief, admitted.

14. The Defendants admit that they issued the performance bond on behalf of the plaintiff; otherwise, they deny the remaining allegations contained in the first sentence in paragraph 14 of the plaintiff's First Amended Complaint. With respect to the allegations contained in the second and third sentences in paragraph 14 of the plaintiff's First Amended Complaint, the Defendants state that the performance bond is a written document which speaks for itself, and, therefore, they deny any characterization of that document inconsistent with, or varying from, the terms of the document itself.

15. The Defendants admit that they issued the payment bond on behalf of the plaintiff; otherwise, they deny the remaining allegations contained in the first sentence in paragraph 15 of the plaintiff's First Amended Complaint. With respect to the allegations contained in the second and third sentences in paragraph 15 of the plaintiff's First Amended Complaint, the Defendants state that the payment bond is a written document which speaks for itself, and, therefore, they deny any characterization of that document inconsistent with, or varying from, the terms of the document itself.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. The Defendants admit that the plaintiff terminated the Defendants' Power-of-Attorney in or around June 30, 2004; otherwise, the Defendants deny the remaining allegations contained in paragraph 20 of the plaintiff's First Amended Complaint.

21. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the plaintiff's First Amended Complaint and therefore deny same.

22. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the plaintiff's First Amended Complaint and therefore deny same.

23. Denied.

## COUNT I

24. The Defendants incorporate by reference and restate herein their responses to paragraphs 1 through 23 of the plaintiff's Complaint, supra.

25. Denied.

26. Denied.

## COUNT II

27. The Defendants incorporate by reference and restate herein their responses to paragraphs 1 through 26 of the plaintiff's Complaint, supra.

28. Denied.

29. Denied.

## COUNT III

30. The Defendants incorporate by reference and restate herein their responses to paragraphs 1 through 29 of the plaintiff's Complaint, supra.

31. The allegations set forth in paragraph 31 of the plaintiff's First Amended Complaint set forth a legal conclusion which the Defendants are not required to either admit or deny; however, to the extent that a response is required, such allegations are denied.

32. Denied.

33. Denied.

COUNT IV

34. The Defendants incorporate by reference and restate herein their responses to paragraphs 1 through 33 of the plaintiff's Complaint, supra.

35. The Defendants state that the Agreements are written documents which speak for themselves, and, therefore, they deny any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves.

36. Denied.

37. Denied.

COUNT V

38. The Defendants incorporate by reference and restate herein their responses to paragraphs 1 through 37 of the plaintiff's Complaint, supra.

39. Denied.

40. Denied.

Pursuant to Fed. R. Civ. P. 8(c), the Defendants set forth the following affirmative defenses to the plaintiff's First Amended Complaint:

SECOND DEFENSE

The Defendants state that the plaintiff's First Amended Complaint fails to state claims against the Defendants upon which relief may be granted.

THIRD DEFENSE

The Defendants state that if the plaintiff has sustained any damages as alleged in its First Amended Complaint, then any such damages were the direct result of an act or omission of a person or entity over whom the Defendants have no control and for whom the Defendants are not responsible.

FOURTH DEFENSE

The Defendants state that the plaintiff's First Amended Complaint is barred by the doctrines of waiver, release, accord and satisfaction, failure of consideration, unclean hands, laches and/or equitable estoppel, barring recovery from the Defendants.

FIFTH DEFENSE

The Defendants state that the plaintiff has failed to mitigate its damages.

SIXTH DEFENSE

The Defendants state that the plaintiff cannot, as a matter of law, establish that the Defendants are in any way responsible for any act or omission proximately causing the plaintiff's alleged damages.

SEVENTH DEFENSE

The Defendants state that if the plaintiff was damaged as alleged, then any such damage was not the proximate result of any act or omission or breach of duty of the Defendants, and the plaintiff may therefore not recover against the Defendants.

EIGHTH DEFENSE

The Defendants state that if the plaintiff was damaged as alleged, then any such damage was the proximate result of the plaintiff's own negligence, unlawful or careless acts or omissions, and the plaintiff may therefore not recover against the Defendants as alleged, or the plaintiff's recovery, if any, must be reduced as provided by law.

NINTH DEFENSE

The Defendants state that the plaintiff's claim are barred by the applicable statutes of limitations.

TENTH DEFENSE

The Defendants state that they place the plaintiff on notice that they intend to rely upon such further defenses as may be developed during the course of discovery in this matter.

ELEVENTH DEFENSE

The Defendants state that the plaintiff's claims are barred by the doctrine of ratification.

WHEREFORE, the Defendants request that the plaintiff's First Amended Complaint against them be dismissed and that judgment enter thereon for them, together with their attorneys' fees and expenses incurred by them in defending against said First Amended Complaint.

DEFENDANTS THOMAS P. DURKIN and
DURKIN & DEVRIES INSURANCE AGENCY, LLC
By their attorneys,

/s/ John P. Connelly
George A. Berman, BBO #040200
John P. Connelly, BBO #546670
Christopher R. Conroy, BBO #661155
PEABODY & ARNOLD LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
gberman@peabodyarnold.com
jconnelly@peabodyarnold.com
cconroy@peabodyarnold.com

Dated: August 5, 2008

CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that the foregoing document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice Of Electronic Filing and paper copies will be sent by first-class mail to those indicated as non-registered participants on August 5, 2008.

/s/ John P. Connelly

PABOS2:CCONROY:685251_1
14809-92338